UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL D. TELLIS,

    Petitioner,

vs.

D. NEVEN, *et al.*,

    Respondents.

_____/

2:14-cv-00705-JCM-PAL

**ORDER**

Introduction

    This action is a petition for writ of habeas corpus by Nevada prisoner Michael D. Tellis. The respondents have filed a motion to dismiss (ECF No. 8). The court will grant respondents' motion to dismiss, and will dismiss this action on the grounds that this action was not timely filed, that one of the four claims in the petition is unexhausted, and that the other three claims in the petition are procedurally defaulted.

Background

    Tellis pled guilty and was convicted of attempted murder, on June 9, 2011, in Nevada's Eighth Judicial District Court. Exhibit 34.[1] He was sentenced to prison for "a maximum of twenty (20) years with a minimum parole eligibility of eight (8) years." *Id.*

---

[1] The exhibits referred to in this order were filed by respondents and are found in the record at ECF Nos. 9 and 10.

1   Tellis appealed. Exhibit 27. The Nevada Supreme Court affirmed Tellis' conviction on
2   November 21, 2011. Exhibit 45.
3   Tellis filed a state habeas petition more than 15 months later, on March 12, 2013. Exhibit 56.
4   The state district court denied that petition on March 22, 2013. Exhibit 57. Tellis appealed, and the
5   Nevada Supreme Court affirmed on November 14, 2013, ruling that the petition was barred by the
6   state statute of limitations, NRS 34.726(1). Exhibit 65. The remittitur issued on December 12, 2013.
7   Exhibit 66.
8   Tellis mailed his *pro se* federal habeas petition to this court for filing on April 2, 2014.
9   *See* Petition for Writ of Habeas Corpus (ECR No. 1), p. 1. Respondents reasonably construe Tellis'
10  petition as including the following four claims:

11  Claim 1: Tellis' trial counsel provided ineffective assistance, in violation of Tellis'
    federal constitutional rights, because she informed Tellis that his actual sentence
12  would not exceed 10 years. Petition for Writ of Habeas Corpus, p. 3.

13  Claim 2: Tellis' trial counsel provided ineffective assistance, in violation of Tellis'
    federal constitutional rights, because she did not make a "sufficient inquiry into all the
14  information," conducted a "jejune examination of [his] discovery," conducted an
    "almost non-existent investigation," and displayed a "redundant practice of frailty" by
15  not returning his phone calls, answering his correspondence, or meeting with him at
    specific times. *Id*. at 3B.
16
    Claim 3: Tellis' trial counsel provided ineffective assistance, in violation of Tellis'
17  federal constitutional rights, because she failed to file a notice of appeal on his behalf.
    *Id*. at 5-5B.
18
    Claim 4: Tellis' trial counsel provided ineffective assistance, in violation of Tellis'
19  federal constitutional rights, because she failed to explain that "by pleading guilty in
    essence, [Tellis] became a 'slave or involuntary servant' of the state of Nevada in
20  violation of the 13th Amendment ot the United States Constitution, thereby rendering
    his guilty plea unknowing, unintelligent, or involuntary because if Tellis had known
21  he would be "subjected to slavery and/or involuntary servitude at the hands fo the
    Nevada Department of Corrections," he would not have entered his guilty plea. *Id*. at
22  7-8.

23  *See* Motion to Dismiss (ECF No. 8), p. 2.
24  Respondents filed their motion to dismiss on March 3, 2015. In the motion, respondents
25  assert: that Tellis' entire petition is untimely; that Claim 2 is unexhausted; that Claims 1, 3 and 4 are
26  procedurally defaulted; and that all of Tellis' claims are conclusory. *See* Motion to Dismiss, pp. 2-8.

Tellis filed an opposition to the motion to dismiss on April 9, 2015 (ECF No. 11). Respondents filed a reply in support of their motion on April 16, 2015 (ECF No. 13).

Discussion

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, Tellis' direct appeal concluded on November 21, 2011, when the Nevada Supreme Court affirmed his judgment of conviction. *See* Exhibit 45. Adding the ninety days within which a petition for a writ of certiorari may be filed (*see* Supreme Court Rule 13), the date on which Tellis' conviction became final, for purposes of the AEDPA statute of limitations, was February 19, 2012. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir.2001). The limitations period for Tellis' federal habeas petition began to run on that date.

1    Accordingly, absent any applicable tolling, Tellis had until one year later, February 19, 2013, to file his federal habeas petition.  Tellis did not file his federal habeas petition by that date.  He filed his federal petition on April 2, 2014, more than 13 months after the limitations period expired.

    The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  Because Tellis did not file his state habeas petition, or any other application for state collateral review, until March 12, 2013, more than a year after his judgment became final, he is not entitled to statutory tolling.  State habeas petitions filed after expiration of the one-year statute of limitations do not revive the statute of limitations and have no tolling effect.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001.  Moreover, the Nevada Supreme Court ruled that Tellis' state habeas action was untimely; therefore, it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005).

    A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows:  "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418; *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir.2009).  Tellis does not suggest any basis for equitable tolling.

    This action is barred by the statute of limitations.

    Exhaustion

    A federal court may not grant habeas corpus relief on a claim not exhausted in state court.  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,

10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

In Claim 2, Tellis claims that his trial counsel provided ineffective assistance, in violation of his federal constitutional rights, because she did not make a "sufficient inquiry into all the information," conducted a "jejune examination of [his] discovery," conducted an "almost non-existent investigation," and displayed a "redundant practice of frailty" by not returning his phone calls, answering his correspondence, or meeting with him at specific times. Petition for Writ of Habeas Corpus, p. 3B. Tellis did not raise this claim in state court. *See* Fast Track Statement (Direct Appeal), Exhibit 44; Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 56; Case Appeal Statement, Exhibit 60. Claim 2 is unexhausted.

Procedural Default

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*,

5

477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In their motion to dismiss, respondents assert that Claims 1, 3 and 4 are procedurally defaulted.

In Claim 1, Tellis claims that his trial counsel provided ineffective assistance, in violation of Tellis' federal constitutional rights, because she informed Tellis that his actual sentence would not exceed 10 years. Petition for Writ of Habeas Corpus, p. 3. In Claim 3, Tellis claims that his trial counsel provided ineffective assistance, in violation of his federal constitutional rights, because she failed to file a notice of appeal on his behalf. *Id*. at 5-5B. In Claim 4, Tellis claims that his trial counsel provided  ineffective assistance, in violation of his federal constitutional rights, because she failed to explain that "by pleading guilty in essence, [Tellis] became a 'slave or involuntary servant' of the state of Nevada in violation of the 13th Amendment ot the United States Constitution, thereby rendering his guilty plea unknowing, unintelligent, or involuntary because if Tellis had known he would be "subjected to slavery and/or involuntary servitude at the hands fo the Nevada Department of Corrections," he would not have entered his guilty plea. *Id*. at 7-8. Tellis did not raise Claims 1, 3 or 4 on his direct appeal. The only claim he raised on his direct appeal was a claim that "[t]he District Court abused its discretion by denying Tellis' motion to withdraw his guilty plea because Tellis contends by affidavit his counsel coerced Tellis into signing the plea agreement, robbing him of his voluntariness." *See* Fast Track Statement (Direct Appeal), Exhibit 44, p. 5.

Tellis did raise Claims 1, 3 and 4 in his state habeas petition. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 56. However, the state district court ruled that action was barred by the state-law statute of limitations, NRS 34.726(1). Findings of Fact, Conclusions of Law

6

and Order, Exhibit 57. The Nevada Supreme Court affirmed that ruling. Order of Affirmance, Exhibit 65.

The Ninth Circuit Court of Appeals has held the statute of limitations at NRS § 34.726(1) to be adequate to support application of the procedural default doctrine. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir.1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir.2002). In this case, the state courts' application of NRS 34.726(1) to bar Tellis' state habeas petition was independent of federal law. Tellis makes no argument suggesting cause and prejudice, such as to overcome the procedural default.

Claims 1, 3 and 4 are barred by the procedural default doctrine.

<u>Conclusory Claims</u>

In light of the court's determinations that this entire action is time-barred, that Claim 2 is unexhausted, and that Claims 1, 3 and 4 are procedurally defaulted, the court does not reach respondents' argument that all Tellis' claims are conclusory.

<u>Certificate of Appealability</u>

The standard for issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000). Applying the standard articulated in *Slack*, the court finds that a certificate of appealability is unwarranted in this case.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

Dated October 5, 2015.

_____
UNITED STATES DISTRICT JUDGE